IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02436-REB-BNB

SHARP FAMILY MARKET, a Colorado limited liability company,

Plaintiff,

v.

UNITED STATES,
THE DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE, and
MOUNTAIN PLANS REGION COMPLIANCE CENTER,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

By an Order [Doc. # 18, filed 5/5/2011], I allowed plaintiff's counsel to withdraw. In doing so, I cautioned the plaintiff that as an entity it cannot represent itself or appear without counsel admitted to practice before this court. Id. I also warned the plaintiff that "absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against" it. Id. (quoting D.C.COLO.LCivR 83.3D). Finally, I ordered plaintiff to "cause substitute counsel to enter its appearance on or before May 20, 2011." Id. No substitute counsel has appeared.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Consistent with the local rule, on May 25, 2011, I entered an Order to Show Cause [Doc. # 20] commanding the plaintiff to show cause, if any there be, in writing and on or before June 8, 2011, why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to cause substitute counsel to enter its appearance within the time allowed.  I cautioned the plaintiff that its failure to respond to the Order To Show Cause or to show good cause would result in a recommendation that the case be dismissed.  No response to the Order to Show cause has been received.

I respectfully RECOMMEND that the case be dismissed without prejudice for lack of prosecution, failure to cause substitute counsel to enter its appearance within the time allowed, and failure to comply with the Order [Doc. # 18] to cause substitute counsel to enter its appearance and the Order to Show Cause [Doc. # 20].

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 30, 2011.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge